Filed 8/24/20  P. v. Jones CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> LOVELL JONES, <br><br>     Defendant and Appellant. | B301249 <br><br> Los Angeles County <br> Super. Ct. No. 9PH04386 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Kawahara, Judge. Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

On June 26, 2019, the Division of Adult Parole Operations filed a petition for parole revocation alleging defendant and appellant Lovell Jones violated parole when he absconded from parole supervision. Jones moved to dismiss the petition on the ground that the parole division failed to consider remedial sanctions short of revocation. The court denied the motion, concluding remedial sanctions were not appropriate based on Jones's behavior. In denying the motion, the court noted Jones had appeared before for violating parole, and the court had granted a demurrer in that instance because the parole division had not considered remedial sanctions. The court concluded Jones's conduct since the grant of that demurrer showed he was aware of his parole obligations and was refusing to comply with them, and therefore further intermediate sanctions were appropriate.

The trial court held a contested revocation hearing on August 14, 2019, found by a preponderance of the evidence Jones violated parole by absconding and failing to report, revoked parole, and remanded Jones to the Department of Corrections and Rehabilitation for future parole consideration under Penal Code section 3000.08, subdivision (h).

Jones filed a timely notice of appeal, and we appointed counsel to represent him. On February 5, 2020, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Jones did not respond to our letter advising him of his right to file supplemental briefing.

Following review of the record pursuant to *People v. Wende,* we affirm.

## FACTUAL BACKGROUND

### A. Prosecution Case

On June 10, 2019, Jones called his parole agent, Rigoberto Chavez, and Chavez told Jones to report to the parole office at noon on June 12, 2019. On June 12, 2019, Jones called Chavez and told him he was busy and going to be late. Chavez told Jones to report on June 14, 2019 at 11:00 a.m.

On June 14, 2019, Jones called Chavez and told him he was stuck in traffic and would arrive at the parole office in about 45 minutes. Chavez told him that was fine but to report at 12:00 p.m. Jones asked Deserae Corbin, his case worker at the Weingart Center residential facility, to call Chavez and falsely claim Jones was running late because he was with Corbin. Corbin called Chavez and put the call on speaker phone. Chavez told Jones he was in violation of parole for failing to report. Chavez told him to report at noon on June 17, 2019. Jones began cursing at Corbin. Corbin called security to have Jones permanently escorted out of Weingart.

Jones did not report to the parole office on June 17, 2019, and Chavez, not knowing where Jones was or how to locate him after his removal from Weingart, put out a warrant for his arrest.

### B. Defense Case

Jones testified at the revocation hearing, stating the last time he visited the parole office before being arrested on June 21, 2019 was sometime between June 7 and June 9.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *Wende*, *supra*, 25 Cal.3d at p. 443.)


## DISPOSITION

The judgment is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


CURREY, J.

We concur:



MANELLA, P.J.




WILLHITE, J.